UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **COASTAL ELECTRIC SUPPLY, LLC** | CIVIL ACTION |
| **PLAINTIFFS** | NO. |
| v. | SECTION |
| **USI INSURANCE SERVICES AND TECHNOLOGY INSURANCE COMPANY, INC., ET AL.** | MAG. |
| **DEFENDANTS** | On removal from the 32nd Judicial District Court, Parish of Terrebonne, State of Louisiana: Case No. 186-248. |

## NOTICE OF REMOVAL

Defendant Technology Insurance Company, Inc., pursuant to 28 U.S.C. §§ 1332(a), and 1441, hereby removes the above-captioned action from Thirty-Second Judicial District Court for the Parish of Terrebonne, State of Louisiana, bearing Civil Action No. 186-248 to the United States District Court for the Eastern District of Louisiana, and respectfully represents as follows:

### FACTUAL BACKGROUND

1. On June 24, 2019, Plaintiff Coastal Electric Supply, LLC filed his Petition for Damages ("Petition") in the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana. The state court action is captioned and numbered *Coastal Electric Supply, LLC v. USI Insurance Services and Technology Insurance Company, Inc., et al*, Civil Action No. 186-248. A copy of the Petition is attached hereto as Exhibit "A."

2. Plaintiff alleges that in December 2017, Defendant USI Insurance Services prepared an "Insurance Proposal" for Plaintiff, including property damage "collision" coverage for the eleven companies listed in the proposal. Exh. A at ¶4. Plaintiff contends that this coverage included "Extended Property Damage" and "excess physical damage coverage for owned autos to autos rented or hired by the insured." Exh. A at ¶¶6, 8.

3. According to Plaintiff, based on the representations in the Proposal, it purchased Policy number TPP1229501 00 from Defendant Technology Insurance Company, Inc. Exh. A at ¶¶11–12.

4. Plaintiff alleges that during the Policy period, Plaintiff employee was involved in an automobile accident while driving a vehicle rented from Hertz. Exh. A at ¶15. Hertz deemed the vehicle a total loss. Exh. A. at ¶17.

5. Plaintiff contends that these losses are covered under the property damage collision coverage in the Technology Policy. Exh. A. at ¶18. It claims that Technology and USI have failed to make any payments or offers on the loss, despite receiving satisfactory proof of loss. Exh. A at ¶¶19–20.

6. Plaintiff named as Defendants USI Insurance Services and Technology Insurance Company, Inc., as well as ABC Insurance Company, a fictitious insurer.

7. Plaintiff seeks an award for property damage and penalties and attorney fees under La. R.S. 22:1892.

**FEDERAL DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332(a)**

8. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1332(a) and 1441, because (i) complete diversity exists between Plaintiff and Defendants, and (ii) the amount in controversy for his claim exceeds $75,000 exclusive of interest and costs.

9. Defendant Technology Insurance Company, Inc. has attached a copy of all process, pleadings, and orders filed in the State Court Action, as required by 28 U.S.C. § 1446(a). (Exhs. A, B.)

10. Without waiving an available jurisdictional, procedural, and venue defenses or any other rights and defenses, all Defendants required to consent to removal have consented in writing to removal, as required by 28 U.S.C. § 1446(b)(2)(A). (Exh. C, USI Notice of Consent to Removal).

11. This Notice of Removal is timely because it was filed within 30 days of service on Technology Insurance Company, Inc, which occurred on July 15, 2019. *See* 28 U.S.C. § 1446(b)(2)(B)-(C).

12. Additionally, this Notice of Removal comes less than one year after commencement of the State Court Action, as required for cases founded on diversity jurisdiction. 28 U.S.C. § 1446(c)(1).

13. Pursuant to 28 U.S.C. § 1446(d), written notice hereof will be given to all adverse parties and will be promptly filed with the Civil District Court for the Parish of Orleans, State of Louisiana.

14. 10. The Thirty-Second Judicial District Court for the Parish of Terrebonne, State of Louisiana is located within the district of the United States District Court for the Eastern District of Louisiana. Accordingly, removal of this case is proper.

## COMPLETE DIVERSITY EXISTS IN THIS CASE

15. Plaintiff alleges it is a Louisiana corporation, domiciled and having a principle place of business in Louisiana. (Exh. A at Preamble, Exh. D, Certified copy of Information Certificate).[1]

16. All Defendants are diverse and foreign citizens for purposes of diversity jurisdiction. No Defendant was a citizen at the time suit was filed or at the time of removal.

17. A corporation is a citizen of the State by which it has been incorporated and of the State where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *see Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) ("We conclude that 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities.").

18. Defendant Technology Insurance Company, Inc. is a nongovernmental corporation organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New York. (Exh. E, Technology Insurance Company, Inc.'s

---

[1] Despite Plaintiff's allegations, the Louisiana Secretary of State indicates that Coastal Electric Supply, Inc. is inactive, and merger into Coastal Electric Supply, LLC, a Louisiana LLC. Coastal Electric Supply, LLC has two individual members, Robert E. Kelton, a Louisiana citizen, and Stephen B. Kelton, a Louisiana citizen. A limited liability company has the same citizenship as its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F. 3d 1077, 1080 (5th Cir. 2008). Therefore, Coastal Electric Supply, LLC is still a Louisiana citizen.

4

Louisiana Department of Insurance Profile). Accordingly, Technology Insurance Company, Inc. is a citizen of Delaware and New York for purposes of diversity jurisdiction. On July 15, 2019, Technology Insurance Company, Inc. was served with a copy of the Petition. (Exh. A).

19. Defendant USI Insurance Services, LLC is a limited liability company organized under the laws of Delaware. Its sole member is an individual, domiciled in New York. (Exh. F, USI Insurance Services, LLC's Louisiana Department of Insurance Profile).

20. Under the Fifth Circuit's decision in *Harvey v. Grey Wolf Drilling Co.*, 542 F. 3d 1077, 1080 (5th Cir. 2008), a limited liability company's citizenship is the same as the citizenship of its members. Therefore, USI Insurance Services LLC is a citizen of New York for federal diversity jurisdiction purposes.

21. Without waiving any available jurisdictional, procedural, and venue defenses or any other rights and defenses, all Defendants required to consent to removal have timely consented in writing to removal, complying with the statutory requirement for unanimity.[2]

22. Accordingly, complete diversity exists between Plaintiff and Defendants.

**THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

23. The amount in controversy is in excess of $75,000.00, exclusive of interest and costs. (*See, e.g.*, Exh. A at ¶21)

---

[2] Fictitious insurance company ABC Insurance Company need not consent to removal because "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1).

24. Here, plaintiff demands $42,941.00 in property damages as well as penalties under La. R.S. 22:1892. Under that statute penalties are 50% of the amount owed, or in this case $21,470.50 in statutory penalties.

25. Plaintiff also seeks damages for attorney fees. "If a state statute provides for attorney's fees, such fees are included as part of the amount in controversy." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Courts have awarded more than $14,000 in attorney fees in other similar cases. *See, e.g.*, *Geraci v. Byrne*, 06-58 (La. App. 5 Cir. 6/28/06), 934 So. 2d 263, 268, *writ denied*, 2006-1850 (La. 11/9/06), 941 So. 2d 42 (awarding $14,063.37 in attorney's fees in relation to award for $10,000 in damages and penalties under La. R.S. 22:1892, in addition to $10,000 in damages paid by tortfeasor); *Wallace v. State Farm Mut. Auto. Ins. Co.*, 36,099 (La. App. 2 Cir. 6/14/02), 821 So. 2d 704, 709 (affirming award of $19,500 in attorney fees, in addition to $38,750.00 in damages and $3,875.00 in statutory penalties).

26. Accordingly, the amount in controversy is likely to exceed $75,000.00. Removal of this matter to federal court is proper under 28 U.S.C. § 1441.

**WHEREFORE**, Defendant Technology Insurance Company, Inc. respectfully requests that this Court assume full jurisdiction over the cause herein as provided by law.

Respectfully submitted,

*/s/ Janelle E. Sharer*
H. Minor Pipes, III, 24603
Stephen L. Miles, 31263
Janelle E. Sharer, 37305
BARRASSO USDIN KUPPERMAN
 FREEMAN & SARVER, L.L.C.
909 Poydras Street, 24th Floor
New Orleans, Louisiana 70112
Telephone: 504-589-9700
Facsimile: 504-589-9701
mpipes@barrassousdin.com
smiles@barrassousdin.com
jsharer@barrassousdin.com

*Attorneys for Technology Insurance Company, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all non-CM/ECF participants.

*/s/ Janelle E. Sharer*

*{1699168_1}*