UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **COASTAL ELECTRIC SUPPLY, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-12165** |
| **USI INSURANCE SERVICES L.L.C. et al** | **SECTION: "G"(5)** |

## ORDER AND REASONS

In this litigation, Plaintiff Coastal Electric Supply, LLC ("Plaintiff") brings breach of contract claims against Defendants USI Insurance Services, L.L.C. ("USI") and Technology Insurance Company, Inc. ("Technology") (collectively, "Defendants") in a dispute regarding insurance coverage of a damaged rental vehicle.[1] Before the Court is Plaintiff's "Motion to Remand" this case to the 32nd Judicial District Court for the Parish of Terrebonne.[2] In the instant motion, Plaintiff argues that this case should be remanded because the amount in controversy does not exceed the $75,000 jurisdictional threshold under 28 U.S.C. § 1332.[3] After considering the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court will grant Plaintiff's Motion to Remand.

## I. Background

On June 24, 2019, Plaintiff filed a petition for damages against Defendants in the 32nd Judicial District Court for the Parish of Terrebonne, seeking property damages, statutory

---

[1] Rec. Doc. 1-1 at 3–4.

[2] Rec. Doc. 5.

[3] Rec. Doc. 5-2 at 2.

1

penalties, and attorney fees.[4] According to the Petition, in December 2017, Defendant USI prepared an "Insurance Proposal" and represented the proposal would provide "excess physical damage coverage for owned autos to autos rented or hired by [Plaintiff]."[5] Plaintiff alleges that, in reliance upon USI's Insurance Proposal, Plaintiff purchased multiple insurance policies.[6] One of those insurance policies was with Defendant Technology.[7] Afterward, on November 8, 2018, Plaintiff asserts its employee was operating a rental vehicle while conducting company business.[8] Plaintiff's employee, while driving the rental vehicle, was involved in an automobile accident.[9] The automobile accident allegedly resulted in $42,941 of property damages to the rental vehicle.[10]

On August 14, 2019, Technology removed the case to this Court, asserting diversity jurisdiction under 28 U.S.C. § 1332.[11] Technology argues that property damages, statutory penalties, and attorney fees in this case exceed $75,000.[12] On August 26, 2019, Plaintiff filed the instant motion, stipulating that the amount in controversy does not exceed $75,000.[13] On September 17, 2019, Technology filed an opposition to the instant motion.[14]

---

[4] Rec. Doc. 1-1.

[5] *Id.* at 4.

[6] *Id.* at 4–5.

[7] *Id.* at 5.

[8] *Id.* at 5–6.

[9] *Id.* at 6.

[10] *Id.*

[11] Rec. Doc. 1

[12] *Id.* at 6.

[13] Rec. Doc. 5

[14] Rec. Doc. 10.

## II. Parties' Arguments

### A. *Plaintiff's Arguments in Support of the Motion to Remand*

Plaintiff argues that Technology did not meet its burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.[15] Plaintiff notes that Louisiana law generally does not permit a state court litigant to petition for a specific monetary amount of damages.[16] Yet, according to Plaintiff, Louisiana law does allow "plaintiffs to make general allegations that their claims exceed or are less than the requisite amount necessary to establish . . . the lack of jurisdiction of federal courts."[17] Plaintiff stipulates that its claims against Technology do not exceed $75,000.[18] Plaintiff then concludes that this case should be remanded to state court because Technology has not met its burden of showing that the claims exceed $75,000 and, therefore, this Court lacks jurisdiction under 28 U.S.C. § 1332.[19]

### B. *Technology's Arguments in Opposition to the Motion to Remand*

In opposition, Technology argues that it is apparent from the face of the Petition that Plaintiff is seeking recovery for damages exceeding $75,000.[20] As support, Technology notes that Plaintiff is seeking an award of $42,941 in property damages, statutory penalties, and attorney fees.[21]

Technology first argues that Plaintiff's claims trigger the penalty provision found in Louisiana Revised Statute Section 22:1892(B)(1) ("Section 1892(B)(1)"), which requires an

---

[15] Rec. Doc. 5-2 at 2.

[16] *Id.* (citing La. Code. Civ. P. art. 893).

[17] *Id.* (citing La. Code. Civ. P. art. 893).

[18] *Id.*

[19] *Id.* at 3.

[20] Rec. Doc. 10 at 5.

[21] *Id.*

insurer to "make a written offer to settle any property damage claim, including a third-party claim, within thirty days after receipt of satisfactory proofs of loss."[22] If an insurer fails to do so, Technology argues Section 1892(B)(1) imposes a penalty "of fifty percent damages on the amount found to be due from the insurer to the insured" and provides Plaintiff with "reasonable attorney fees and costs."[23] Technology contends that Section 1892(B)(1) is triggered here because Plaintiff alleges Technology did not make any payments on Plaintiff's $42,941 insurance claim despite Plaintiff providing satisfactory proof of loss to recover those property damages.[24] Therefore, Technology asserts that Plaintiff is seeking recovery of $21,470.50 in penalties in addition to $42,941 for the alleged property damage.[25] Technology further asserts that "courts have awarded more than $14,000 in attorneys' fees in similar cases" under Section 1892.[26]

Second, in addition to statutory penalties and attorney fees under Section 1892(B)(1), Technology maintains that Plaintiff is seeking statutory penalties under Louisiana Revised Statute Section 22:1892(A)(3) ("Section 1892(A)(3)").[27] Technology asserts that Section 1892(A)(3) provides that when an insurer does not "timely initiate loss adjustment," the insurer is subject "to the penalties provided in [Section 1973]."[28] In turn, Section 1973 assesses penalties "against the insurer in an amount not to exceed two times the damages sustained."[29] Technology argues that

---

[22] *Id.* at 6.

[23] *Id.*

[24] *Id.* at 6, n.3.

[25] *Id.* at 6.

[26] *Id.* at 7.

[27] *Id.* at 6.

[28] *Id.*

[29] *Id.*

4

Section 1973's doubling provision is triggered here because Plaintiff seeks penalties "for Technology's failure to properly and timely adjust."[30] Therefore, Technology concludes that Plaintiff is seeking statutory penalties in the amount of $85,882 under Section 1973.[31] Accordingly, Technology concludes that because Plaintiff "seeks $42,941.00 in compensatory damages as well as statutory bad faith penalties and attorneys' fees, which alone may exceed $100,000, it is facially apparent that the petition asserts a claim with an amount-in-controversy that exceeds $75,000."[32]

Finally, Technology argues Plaintiff's post-removal stipulation—that the amount in controversy does not exceed $75,000—does not divest this Court of federal jurisdiction.[33] Technology, citing Fifth Circuit precedent, argues that post-removal stipulations "may be considered only if the basis for jurisdiction is ambiguous at the time of removal."[34] Technology contends that it is clear from the face of the petition that Plaintiff is seeking recovery for damages exceeding $75,000.[35] Therefore, Technology concludes the basis for jurisdiction is not ambiguous and, as a result, Plaintiff's post-removal stipulation cannot defeat this Court's jurisdiction.[36]

### III. Legal Standard

A defendant generally may remove a state court civil action to federal court when the federal

---

[30] *Id.* at 6, n.3.

[31] *Id.* at 6.

[32] *Id.* at 7.

[33] *Id.* at 4.

[34] *Id.*

[35] *Id.* at 5.

[36] *Id.*

5

court has original jurisdiction over the action.³⁷ A federal court has subject matter jurisdiction over an action when the case "is between citizens of different states" and the amount in controversy "exceeds the sum or value of $75,000."³⁸ "[T]he party seeking to remove bears the burden of showing that federal jurisdiction exists and that removal was proper."³⁹ To decide whether federal jurisdiction is present, the Court considers "the claims in the state court petition as they existed at the time of removal."⁴⁰ "[T]he removal statute should be strictly construed in favor of remand."⁴¹

## **IV. Law and Analysis**

In its Notice of Removal, Technology bases this Court's jurisdiction exclusively on diversity under 28 U.S.C. § 1332.⁴² A federal court has diversity jurisdiction when the plaintiffs and defendants are completely diverse and the amount in controversy exceeds $75,000.⁴³ Plaintiff and Technology do not dispute whether complete diversity exists. Instead, the only jurisdictional issue in dispute is whether the amount in controversy exceeds $75,000.

The Fifth Circuit ordinarily instructs courts to "consult the state court petition to determine the amount in controversy."⁴⁴ "However, Louisiana prohibits plaintiffs from petitioning for a

---

³⁷ 28 U.S.C. § 1441(a).

³⁸ 28 U.S.C. § 1332(a)(1).

³⁹ *Mumfrey v. CVS Pharm., Inc.*, 719 F.3d 392, 397 (5th Cir. 2013).

⁴⁰ *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

⁴¹ *Id.*

⁴² Rec. Doc. 1 at 1.

⁴³ 28 U.S.C. § 1332.

⁴⁴ *Manguno*, 276 F.3d at 723.

specific monetary amount."[45] As a result, a defendant seeking removal from Louisiana state court to federal court must prove by a preponderance of evidence that the amount in controversy exceeds $75,000.[46] A defendant may satisfy this burden either by (1) showing it is "apparent from the face of the petition that the claims are likely to exceed $75,000" or (2) setting forth "summary judgment type evidence" that Plaintiff's claims exceed $75,000.[47] Here, Technology argues that it is apparent from the face of the petition that Plaintiff's claims are likely to exceed $75,000.[48]

### A. *Whether it is Facially Apparent that Plaintiff's Claims are Likely to Exceed $75,000*

According to the Petition, Plaintiff "seeks an award of $42,941.00 . . . for the property damage at issue, together with penalties and attorneys fees in accordance with LSA-R.S. 22:1892."[49] Plaintiff is clearly seeking recovery for property damages in the amount of $42,941. Therefore, to meet the jurisdictional threshold, Technology must show that it is likely Plaintiff's claims for penalties and attorney fees will exceed $32,059. The Fifth Circuit has recognized that statutorily authorized attorney fees and penalties may be considered in determining the jurisdictional amount in controversy.[50]

Technology argues that Plaintiff is seeking (1) $21,470.50 in statutory penalties and approximately $14,000 in attorney fees under Section 1892(B)(1) and (2) $85,882.00 in statutory

---

[45] *Id.* (citing La. Code Civ. P. art 893(A)(1)). Article 893 provides: "No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand."

[46] *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).

[47] *Manguno*, 276 F.3d at 723.

[48] Rec. Doc. 10 at 5.

[49] Rec. Doc. 1-1 at 6–7.

[50] *See St. Paul Reinsurance Corp., Ltd. v. Greenberg*, 134 F.3d 1250, 1253–54 (5th Cir. 1998).

7

penalties under Section 1973.[51] Therefore, Technology argues that the statutory bad faith penalties and attorneys' fees alone may exceed $100,000.[52] Technology impermissibly consolidates the two categories of statutory penalties.

The Louisiana Supreme Court, in *Calogero v. Safeway Ins. Co. of Louisiana*, held that Section 1973 supersedes Section 1892 when Section 1973 provides a greater penalty.[53] The *Calogero* Court further held that a plaintiff "cannot recover penalties under both statutes."[54] Thus, Plaintiff may recover the greater of the penalties provided by Section 1892 or Section 1973.[55] Therefore, this Court will now address whether it is facially apparent that Plaintiff's claims are likely to exceed $75,000 under either Section 1892 *or* Section 1973.

1. **Statutory Penalties and Attorney Fees under Louisiana Revised Statute Section 1892(B)(1)**

Technology argues that Plaintiff may be able to recover $21,470.50 in penalties under Section 1892(B)(1).[56] Section 1892(A)(1) instructs "[a]ll insurers issuing any type of contract" to pay "the amount of any claim due any insured within thirty days after receipt of satisfactory proofs of loss from the insured." Pursuant to Section 1892(B)(1), "[f]ailure to make such payment within thirty days after receipt of such satisfactory written proofs . . . shall subject the insurer to a penalty, in addition to the amount of the loss." That penalty is "fifty percent damages on the amount found

---

[51] Rec. Doc. 10 at 5–7.

[52] *Id.* at 7.

[53] *Calogero v. Safeway Ins. Co. of Louisiana*, 1999-1625 (La. 1/19/00), 753 So. 2d 170, 174. The *Calogero* Court refers to La. Rev. Stat. § 22:658 and La. Rev. Stat. § 22:1220. Those two statutes were later renumbered to La. Rev. Stat. § 22:1892 and La. Rev. Stat. § 22:1973, respectively.

[54] *Id.*

[55] *Id.*; *see also Katie Realty, Ltd. v. Louisiana Citizens Prop. Ins. Corp.*, 2012-0588 (La. 10/16/12), 100 So. 3d 324, 330.

[56] Rec. Doc. 10 at 5–6.

to be due from the insurer to the insured, or one thousand dollars, whichever is greater."[57]

Here, the petition alleges that Technology "failed to make any payments" toward the $42,941 in property damages despite Plaintiff "presenting satisfactory proof of loss for property damage."[58] Plaintiff essentially quotes Section 1892(B)(1)'s language penalizing insurers who fail "to pay the amount of any claim" after receiving "satisfactory proofs of loss from the insured." Then, two paragraphs later, the petition requests penalties "in accordance with LSA-R.S. 22:1892."[59] Therefore, it is facially apparent that Plaintiff is seeking a 50% penalty on the amount Plaintiff is allegedly owed under the insurance contract. Plaintiff requests $42,941.00 in property damages under the insurance contract and, therefore, a 50% penalty would be $21,470.50. The result is an amount in controversy of $64,411.50, which falls short approximately $10,588.50 of the $75,000 jurisdictional threshold.

Technology argues that Plaintiff's request for "reasonable attorney fees" surpasses the remaining $10,588.50 because "attorney[-]fees awards often exceed statutory penalties and compensatory damage awards" in similar cases.[60] Indeed, according to Technology, multiple state court cases have "awarded more than $14,000 in attorney[] fees in similar cases."[61] Under Fifth Circuit precedent, if a Louisiana state statute provides for attorney fees, those fees are included as part of the amount in controversy.[62] This Court therefore must include Plaintiff's attorney-fees

---

[57] La. Rev. Stat. § 22:1892(B)(1).

[58] Rec. Doc. 1-1 at 4.

[59] *Id.* at 5.

[60] Rec. Doc. 10 at 7.

[61] *Id.*

[62] *Foret v. Southern Farm Bureau Life Ins. Co.*, 918 F.2d 534, 537 (5th Cir. 1990).

9

request when calculating the amount in controversy.

Nevertheless, Technology's argument regarding attorney fees is not persuasive. Technology must prove, by a preponderance of the evidence, that Plaintiff "facially" seeks $10,588.51 in attorney fees to demonstrate the amount in controversy exceeds the $75,000 jurisdictional threshold. Plaintiff's petition vaguely requests "attorney fees in accordance with [Section] 1892."[63] Technology provides the Court with no reasonable basis upon which to calculate "reasonable attorney fees" under Section 1892(B)(1). Technology cites one Louisiana state court opinion awarding more than $14,000 in attorney fees under Section 1892,[64] but one opinion demonstrates only that Plaintiff *could* receive attorney fees surpassing $10,588.50 in this case. The fact that Plaintiff *could* receive attorney fees surpassing $10,588.50 is insufficient to support a finding, by the preponderance of the evidence, that the $75,000 jurisdictional threshold has been surpassed. The Court is left to speculate whether attorney fees in this case would surpass $10,588.50. Under Fifth Circuit precedent, any "ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand."[65]

Accordingly, the Court finds that Plaintiff's request for $42,941.00 in property damages, in addition to statutory penalties and attorney fees under Section 1892(B)(1), does not surpass the $75,000 jurisdictional threshold.

### 2. Statutory Penalties under Louisiana Revised Statute Section 1973

Technology claims that the petition also triggers statutory penalties under Louisiana Revised

---

[63] Rec. Doc. 1-1 at 5.

[64] Rec. Doc. 10 at 7.

[65] *Manguno*, 276 F.3d at 723.

Statute Section 1973.[66] Specifically, Technology argues Plaintiff may be entitled to a statutory penalty of $85,882 under Section 1973.[67]

Section 1892(A)(3) states that an "insurer shall initiate loss adjustment of a property damage claim and of a claim for reasonable medical expenses within fourteen days after notification of loss by the claimant." Yet, "[i]n the case of catastrophic loss," the insurer shall generally "initiate loss adjustment of a property damage claim within thirty days after notification of loss by the claimant."[68] "Failure to comply with the provisions [in Section 1892(A)(3)] shall subject the insurer to the penalties provided in [Section] 1973."[69]

In turn, Section 1973 states that an insurer "owes to his insured a duty of good faith and fair dealing." An "insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant."[70] Any "insurer who breaches these duties shall be liable for any damages sustained as a result of the breach."[71] Section 1973 penalizes insurers "an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater."

To calculate "damages sustained" under Section 1973, clear guidelines were provided by the Louisiana Supreme Court in *Durio v. Horace Mann Ins. Co.*[72] There, the court held that "contractual damages due or awarded under the insurance contract should *not* be used to calculate

---

[66] Rec. Doc. 10 at 6.

[67] *Id.*

[68] La. Rev. Stat. § 22:1892(A)(3).

[69] *Id.*

[70] La. Rev. Stat. § 22:1973.

[71] *Id.*

[72] 2011-0084 (La. 10/25/11), 74 So. 3d 1159, 1171.

penalties under [Section 1973]."[73] Instead, penalties under Section 1973 "are calculated by doubling the amount of damages attributable to the insurer's breach of duties imposed" by Section 1973 itself—such as the insurer's duty of good faith and fair dealing.[74]

Under *Durio*, Technology improperly calculates the potential statutory penalty under Section 1973. Plaintiff requests damages in the amount of $42,941 because Technology breached an insurance contract by not timely and properly paying a claim for $42,941. Simply put, that $42,941 entails contractual damages. As *Durio* instructed, "contractual damages due or awarded under the insurance contract should *not* be used to calculate penalties" under Section 1973.[75] Instead, damages directly resulting from the insurer's breach of Section 1973 itself may be doubled.[76]

Here, Plaintiff's petition does not allege damages resulting from any breach of Section 1973 itself.[77] Plaintiff's petition thus, at maximum, requests the $5,000 dollars under Section 1973 afforded to plaintiffs who do not suffer actual damages under Section 1973. That $5,000 penalty, in addition to the $42,941.00 in alleged property damages, does not exceed $75,000. Accordingly, the Court finds that Plaintiff's request for property damages and statutory penalties under Section 1973 do not exceed the $75,000 jurisdictional threshold.

## B. *Whether Plaintiff's Post-Removal Stipulation may be Considered*

A plaintiff generally may not defeat federal jurisdiction with a post-removal stipulation that

---

[73] *Id.* (emphasis added).

[74] *Id.*

[75] *Id.*

[76] *Id.*

[77] Rec. Doc. 1-1.

plaintiff's claims do not surpass $75,000.[78] "The jurisdictional facts that support removal must be judged at the time of the removal."[79] Indeed, if the Court properly acquires diversity jurisdiction over a case, subsequent events that call into question the amount in controversy do not "divest the court of diversity jurisdiction."[80] In this case, however, Technology has not carried its burden of showing, by a preponderance of the evidence, that the amount in controversy exceeded $75,000 when removed to federal court. Therefore, the Court need not address whether Plaintiff can defeat federal jurisdiction by stipulating to damages below $75,000.

### V. Conclusion

Technology has not demonstrated, by a preponderance of the evidence, that Plaintiff's state court petition facially seeks damages exceeding $75,000. Accordingly, the Court remands this case to the 32nd Judicial District Court for the Parish of Terrebonne.

**IT IS HEREBY ORDERED** that Plaintiff's "Motion to Remand"[81] is **GRANTED**.

**NEW ORLEANS, LOUISIANA** this 4th day of November, 2019.

_____
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[78] *Gebbia v. Wal-Mart Stores, Inc.,* 233 F.3d 880, 883 (5th Cir. 2000).

[79] *Id.*

[80] *Id.*

[81] Rec. Doc. 5.